UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| SHARON CHANDLER, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 1:18-CV-2157 |
| HUNTER WARFIELD, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | **JURY DEMAND** |

## COMPLAINT

Now comes SHARON CHANDLER ("Plaintiff") complaining as to the conduct of HUNTER WARFIELD, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*, and Ohio common law.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Ohio and substantial portion of the events giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing within the Northern District of Ohio.

5. Defendant is a third-party debt collector.  *See Hunter Warfield, Inc.*, Utah.gov (*last visited* Sept. 19, 2018), https://secure.utah.gov/bes/details.html?entity=5821552-0131 ("Company Type:  Collection Agency – Foreign").

6. Defendant is a Maryland corporation, headquartered in Tampa, Florida, that regularly collects upon consumers in Ohio.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Approximately one year ago Plaintiff began receiving calls from Defendant on her personal cellphone regarding an alleged debt for purchases of household items from Home Shopping Network.

9. For approximately one year, Defendant called Plaintiff two or three times per week.

10. During conversations initiated by these calls, Plaintiff repeatedly told Defendant to stop calling her.

11. Nevertheless, Defendant continued calling Plaintiff.

12. On information and belief, Plaintiff has not received any mail from Defendant.

13. Defendant's course of conduct caused Plaintiff significant distress, shame, and embarrassment.

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff realleges the paragraphs above as though fully set forth herein.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so. In the alternative, Defendant is a "debt collector" under § 1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

18. The subject alleged debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely a payday loan used for auto repairs.

    a. **Violation of § 1692d(5).**

19. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

20. Defendant violated § 1692d(5) when it continuously called Plaintiff after being notified to stop. This systematic behavior of repeatedly calling Plaintiff's phone despite her demands to stop was harassing and abusive. The frequency and volume of calls and the long duration of the calling campaign show that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her. The natural consequence of this behavior was to harass, oppress, and abuse Plaintiff.

    b. **Violation of § 1692g.**

21. The FDCPA, pursuant to 15 U.S.C. § 1692g, requires each new debt collector to send written notice explaining certain of the consumer's rights under the FCDPA with, or within five days of, their initial communication with a consumer.

22. On information and belief, Defendant never sent Plaintiff the required notice.

23. Defendant violated § 1692g when, following its initial telephone conversation with Plaintiff, Defendant failed to send the required § 1692g notice by mail within five days. Defendant's failure to comply with the requirements of § 1692g

prevented Plaintiff from learning of her rights and thereby magnified the confusing and worrying effect of Defendant's collection calls.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

24. Plaintiff realleges the above paragraphs as though fully set forth herein.

25. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

26. Plaintiff is a "person" as defined by R.C. 1345.01(B).

27. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

28. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

29. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

30. Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one. *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

    a. **Violations of the Fair Debt Collection Practices Act.**

31. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

32. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq.  See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

33. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

34. Defendant has further committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. 1345.02(A) and 1345.03(A), by engaging in or using unfair means to collect a debt.

35. Defendant has committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA by communicating with Plaintiff after being told to stop and by placing an oppressive number of telephone calls to Plaintiff.

36. Such acts and practices have been previously determined by Ohio courts to violate the CSPA.  *See, e.g.*, *State ex rel. Celebrezze v. Scandinavian Health Spa, Inc.*, No. CV863-1158, 1986 WL 363150, at *2 (Ohio Com. Pl. Mar. 31, 1986) ("A supplier who, in its collection of consumer debts, engages in acts, the natural consequence of which is to harass consumers violates O.R.C. § 1345.02(A)"); *State ex rel. Fisher v. Lasson*, No. CV 92 10 0193, 1994 WL 912252, at *5 (Ohio Com. Pl. Oct. 14, 1994) (repetitive calls can be unconscionable).

37. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

### COUNT III — VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

38. Plaintiff realleges the above paragraphs as though fully set forth herein.

39. For all times relevant to this action, Defendant is subject to and must abide by Florida law, including the FCCPA, Fla. Stat. § 559.72.

40. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

41. The subject debt is a "debt" within the meaning of the FCCPA, Fla. Stat. § 559.55(1).

42. Defendant willfully and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can be reasonably expected to harass Plaintiff, even after Plaintiff requested Defendant cease communication.

43. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff pursuant to Fla. Stat. § 559.77(2).

### COUNT IV — INVASION OF PRIVACY

44. Plaintiff realleges the paragraphs above as though fully set forth herein.

45. Ohio recognizes a cause of action for invasion of privacy based on "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Sustin v. Fee*, 69 Ohio St.2d 143, 145, 431 N.E.2d 992, 993 (Ohio 1982) (quoting *Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (Ohio 1956)).

46. Defendant invaded Plaintiff's privacy and intruded on her solitude and seclusion by intentionally and persistently causing her cellular phone to ring and by attempting to contact her when she desired to be left alone.

47. Defendant's pattern of repeatedly calling Plaintiff in her home on a nearly daily basis was so outrageous that it would cause shame or humiliation to a person of ordinary sensibilities, and Plaintiff was injured by this conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment as follows:

**a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

**b.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

**c.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

**d.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**e.** Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees;

**f.** Awarding Plaintiff's counsel an enhancement or multiplier of attorney fees pursuant to the CSPA;

**g.** Awarding Plaintiff statutory damages of $1,000.00 as provided under Fla. Stat. § 559.77(2).

**h.** Awarding Plaintiff costs and reasonable attorney fees as provided under Fla. Stat. § 559.77(2).

**i.** Awarding Plaintiff punitive damages as provided under Fla. Stat. § 559.77(2).

**j.** Awarding Plaintiff actual and punitive damages for invasion of privacy;

**k.** Awarding Plaintiff the costs of this action; and

**l.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated: September 19, 2018

By: s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com